| | | | |
|---|---|---|---|
| NATHAN HARRIS, et al., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | NO. 3:24-cv-01316 | |
| | ) | | |
| ENCORE BANCSHARES, INC., | ) | JUDGE RICHARDSON | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion for summary judgment (Doc. No. 66, "Motion")

filed by Defendant, Encore Bancshares, Inc. The Motion is supported by an accompanying

memorandum of law (Doc. No. 67, "Memorandum") and a statement of facts, which is comprised

of 74 purportedly material and undisputed facts (Doc. No. 68, "Statement of Facts"). Plaintiffs

have filed responses (Doc. Nos. 69, 70, "Responses") in opposition to the Motion and a response

(Doc. No. 71, "Statement of Facts Response") to the Statement of Facts.[1] Defendant filed a reply

(Doc. No. 76, "Reply") in further support of the Motion.

---

[1] Notably, Plaintiffs' Statement of Facts Response also includes a "Statement of Additional Material Facts" (Doc. No. 71 at 35-51, "Statement of Additional Material Facts"), which Defendant filed a response to (Doc. No. 78). But the Local Rules applicable here plainly do not contemplate a nonmovant opposing a motion for summary judgment by filing a statement of additional material facts, as Plaintiffs (being the nonmovant with respect to the Motion) have done. It is true that the 2020 Local Rules permitted a nonmovant facing a motion for summary judgment to file a statement of additional material facts. 2020 LR 56.01(c)(3). However, on May 15, 2025, over nine months before Defendant filed the Motion, the 2020 Local Rules were amended (for very good reason) to remove such permission. That is, the amended 2025 Local Rules—which are currently in effect and were in effect at the time that Defendant moved for summary judgment and at the time that Plaintiffs filed their Statement of Facts Response, which includes the Statement of Additional Material Facts—omit any mention of a nonmovant to a summary judgment motion filing a statement of additional material facts, like Plaintiffs did.

Even though Plaintiffs' Statement of Additional Material Facts is not contemplated by the current version of the Local Rules, this Court has, at times, permitted parties engaged in briefing on a motion for summary

For the reasons described herein, the Motion is **DENIED**.

BACKGROUND

The instant action was brought by several of Defendant's former employees and their spouses, who allege that Defendant took various wrongful actions after the termination of their respective employment relationships with Defendant. (Doc. No. 1-2 at ¶ 10, "Complaint"). Plaintiffs bring claims for "Violation of the Truth in Lending Act and Regulation Z 15 U.S.C. § 1601 And 12 C.F.R. § 1206" (Count I) (Doc. No. 1-2 at ¶¶ 86-98), "Violation of the Tennessee Securities Act of 1980" (Count II) (*id.* at ¶¶ 99-107), conversion (Count III) (*id.* at ¶¶ 108-112), and unjust enrichment (Count IV) (*id.* at ¶¶ 113-118). Via the Motion, Defendant asks the Court to "grant the Motion for Summary Judgment as to all claims and dismiss this matter in its entirety with prejudice and enter Judgment in favor of Defendant[.]" (Doc. No. 66 at 2).

LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

judgment to file certain types of statements of facts that are not expressly contemplated by the Local Rules if those statements of facts are actually helpful to the Court in deciding the underlying motion for summary judgment. *Cf. Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009) (declining to strike additional statements of facts filed in connection with summary judgment motions that were not expressly contemplated by the Local Rules where the at-issue "statements amplif[ied] the issues [in the case] and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts."). Finding that Plaintiffs' Statement of Additional Material Facts would not be helpful to the Court in deciding the Motion, the Court declines to consider Plaintiffs' Statement of Additional Material Facts.

247-48 (1986).[2] In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[3] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004))).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury

---

[2] The Court provides below an analysis of just what constitutes a "material" fact.

[3] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact.

question. *Id.* The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

<u>ANALYSIS</u>

Ordinarily, when considering a motion for summary judgment, such as the instant Motion, the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law.

However, the Court will eschew that approach here. As noted above, the Statement of Facts contains *74* purportedly material facts. Based on the length of (and related flaw in) the Statement of Facts, the Court will deny the Motion. The Court is justified in doing so on several grounds, as discussed below.

## I.      The Local Rules, Conciseness, and Material Facts

The May 15, 2025 version of the Local Rules (hereinafter "2025 Local Rules," "2025 Local Rule" or "2025 LR")—the iteration of the Local Rules in effect both now and at the time that the Motion was filed—provides various rules regarding what a summary judgment movant should do in bringing their motion. As relevant here, 2025 Local Rule 56.01(c)(1) provides that a summary judgment movant "must file a *concise*, non-argumentative statement of the alleged undisputed material facts (not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment." LR 56.01(c)(1) (emphasis added).

The predecessor to 2025 Local Rule 56.01(c)(1) is 2020 Local Rule 56.01(b), and the revisions of 2020 Local Rule 56.01(b) that resulted in 2025 Local Rule 56.01(c)(1) did not dilute or otherwise relax the requirements for a summary judgment movant's statement of facts previously articulated in 2020 Local Rule 56.01(b).[4] This Court previously analyzed 2020 Local Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed April 9, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed April 9, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed April 9, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely, "no longer than necessary." From all of this, the Court believes that when the Local Rule calls for a

---

[4] The Court will refer herein to the statement of facts contemplated now by 2025 Local Rule 56.01(c), or previously by 2020 Local Rule 56.01(b), as a "Rule 56.01 statement."

"concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a somewhat and seemingly very broad standard, inasmuch as the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law inasmuch as the notion of "might affect the outcome of a lawsuit" is of unclear and debatable boundaries.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. In a recent

version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors note:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it tends to resolve any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail. On the other hand, a factual issue that is not necessary to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016). Although these observations are perhaps of some help in grasping the notion of "material fact," the reality is that the precise boundaries of what constitutes a "material fact" remain obscure. And a summary judgment movant cannot be faulted for making a colorable (even if debatable) assertion that all statements included in its Rule 56.01 statement are statements of material fact.

And if a fact *is* material—if its existence or non-existence will affect the outcome of the lawsuit—then the party including it in its Rule 56.01 statement cannot be blamed for including it, because it *should* be included precisely because its existence or non-existence will affect the outcome of the lawsuit. So the inclusion of a (purported) material fact is, by definition, always appropriate—because the existence or non-existence of them is precisely what the Court needs to determine in order to determine the outcome of a case (or a summary judgment motion). What's more, *true* material facts are precisely the things specifically contemplated for inclusion in a Rule 56.01 statement, and the Court sees no basis for excluding any one of them on the grounds that there are too many of them.

But a statement of fact included in a Rule 56.01 statement should be excluded if it is (i) not a statement of *fact* at all[5] or (ii) a statement of fact but not properly considered a statement of *material* fact. Nevertheless, in the Court's experience, summary judgment movants often include these two categories of statements (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden variety "relevant" fact and a fact that is material.

But there is a corollary (or a logical conclusion) to the Court's observations about just what constitutes a *material* fact that shows how a summary judgment movant really can hurt its chances on summary judgment by including purported material facts beyond those that are the actual (purported) material facts. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a movant for summary judgment (be it a defendant or, more rarely, a plaintiff) must remove every genuine issue of material fact to be granted summary judgment. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant at summary judgment must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial—i.e., as to each and every material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* rather than *more* material facts, the movant persuades the court that the movant has less it needs to achieve—fewer alleged facts to show as not needing a trial to prove or disprove—in order to be granted summary judgment. Conversely, to the extent that a movant posits *more* material facts, the possibility increases that the court will deny the motion for

---

[5] The Court will discuss this point—specifically, how the 2025 amendments to the Local Rules place greater emphasis on and further clarify what is and is not a statement of *fact*—at greater length subsequently herein.

summary judgment based on the existence of a genuine issue as to any single one of what the movant itself has called the material facts. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid inviting the court to place upon the movant the burden of showing the truth of more facts than are necessary (i.e., the burden of showing the truth of certain immaterial facts as well as all material facts).

So in the Court's eyes, summary judgment movants have every incentive to minimize, to the fullest possible (ethical) extent, the number of material facts. But unfortunately, often they seem not to realize this. Indeed, the considerations articulated in the *McLemore* analysis (repeated in large part verbatim just above) were reflected in the 2025 amendments to Local Rule 56.01 and ought to counsel summary judgment movants to carefully consider concision and materiality *before* submitting a statement of alleged undisputed material facts to the Court. *Compare* 2020 Local Rule 56.01(b) ("Each fact must be set forth in a separate, numbered paragraph") *with* 2025 Local Rule 56.01(c)(1) ("Each individual *material* fact must be numbered separately") (emphasis added); *compare* 2020 Local Rule 56.01(c) ("Any party opposing the motion for summary judgment must respond to each fact set forth by the movant") *with* 2025 Local Rule 56.01(e) ("The respondent must also respond to the movant's statement of undisputed *material* facts in a separately filed response.") (emphasis added). But as the Court signaled during its discussion above of materiality (and as plainly follows from *McLemore*), there is another deficiency in the Statement of Facts—a deficiency that (even if only *arguably* present when a statement of facts is analyzed under the 2020 Local Rules) is now unmistakably present when a statement of facts is analyzed under the 2025 Local Rules. According to the Merriam-Webster dictionary, "fact" can mean

"something that actually exists or occurs [i.e.] an actual event, situation, etc." *Fact*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/fact (last accessed May 14, 2026). But the Merriam-Webster online dictionary goes on to state that "fact" can mean "information or a piece of information *presented* as true or accurate." *Id*. (emphasis added). Indeed, this distinction is reflected in the most recent edition of Black's Law Dictionary—which defines "fact" as "[s]omething that actually exists; an aspect of reality," but alternatively as "[a]n actual *or alleged* event or circumstance, as distinguished from its legal effect, consequence, or interpretation." *Fact*, Black's Law Dictionary (12th ed. 2024) (emphasis added). In other words, "fact" can refer both to an actuality or the assertion of an actuality.[6] What "fact" neither refers to nor otherwise encompasses is the "legal effect, consequence, or interpretation" of an alleged fact. *Id*.

In the Court's view, the 2025 Local Rules cleanly delineate this tripartite distinction between (a) the fact that is alleged to be true, (b) the reason(s) why the Court should conclude that the alleged fact is true, and (c) the legal significance of the alleged fact being true, i.e., the conclusion(s) that follow from the alleged fact being true. And importantly for the present discussion of the Motion, the 2025 Local Rules are perfectly clear as to where respectively a summary judgment movant is to assert each of these three things. As for the first, each fact alleged to be true should be stated, separately and in an individually numbered paragraph,[7] in a summary

---

[6] For this reason, the verbal formulation of the movant's burden—to show the absence of a genuine issue of material fact—is broad enough to encompass the absence of a genuine issue of *alleged* (or asserted) fact. This is not a mere academic or semantic point; rather, it highlights that the movant needs to show an absence of a genuine dispute as to: (i) facts that the movant needs to establish as true in order to prevail as a matter of law; and (ii) alleged facts that the movant needs to be *untrue* in order to prevail as a matter of law. In other words, it highlights that the movant needs to show that there is no genuine dispute that: (i) the alleged facts that the movant needs to establish as true in order to prevail as a matter of law are *actually* true; and (ii) the alleged facts that the movant needs to establish as absent in order to prevail as a matter of law are *actually* absent.

[7] "Each individual material fact must be numbered separately . . ." LR 56.01(c)(2).

judgment movant's Rule 56.01 statement. 2025 LR 56.01(c)(1) ("The movant must file a concise, *non-argumentative statement of the alleged undisputed material facts* (not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment . . .") (emphasis added). As for the second, the reason(s) why the Court should conclude that a particular alleged fact is true should be indicated via supporting citations that go together with the individually numbered paragraph in which the fact is asserted. *Id.* ("Each individual material fact must be numbered separately *and must be supported by a citation to materials* permitted by Fed R. Civ. P. 56(c)(1)") (emphasis added). And as for the third, the conclusion(s) that follow from the alleged fact being true should be asserted in the memorandum in support of the motion for summary judgment. 2025 Local Rule 56.01(c)(3) ("The purpose of the statement of undisputed material facts is to identify for the Court those facts that the movant contends require judgment as a matter of law. *Legal arguments*, *including as to materiality, must be made in the supporting memorandum, not in the statement of undisputed material facts.*").[8]

The Court discerns that there are two critical defects with respect to the Statement of Facts, so as to justify the denial of the Motion.

First, the Court discerns that the Statement of Facts is not nearly *concise* as required by 2025 Local Rule 56.01(c)(1). To begin with, a statement of 74 facts certainly does not present

---

[8] This conclusion is further buttressed by the analogous revisions to the Local Rules setting out a summary judgment respondent's burden in opposing a motion for summary judgment. Under the 2025 Local Rules, a summary judgment respondent must respond to a motion for summary judgment via a memorandum of law. 2025 LR 56.01(d). Unsurprisingly, this requirement existed under the 2020 Local Rules. But as to what properly belongs in the memorandum of law, one thing that was merely implicit under the 2020 Local Rules is now explicit under the 2025 Local Rules. That is, under the 2025 Local Rules, a summary judgment respondent must respond to a summary judgment movant's statement of undisputed material facts with "concise, *non-argumentative* responses," in three defined ways—agreeing a fact is undisputed, agreeing a fact is undisputed solely for purposes of summary judgment, or disputing a fact as permitted by Fed. R. Civ. P. 56(c). 2025 LR 56.01(e)(1) (emphasis added). But any "[l]egal argument, including as to the materiality of any fact, must be made in the [summary judgment respondent's] memorandum, *not* in the response to the statement of undisputed material facts. 2025 LR 56.01(e)(5) (emphasis added).

initially as "concise." Even a brief review of the Statements of Fact filed by the parties reveals numerous purportedly material facts that in the Court's view (1) are not factual assertions at all and/or (2) are entirely immaterial because (a) the existence or non-existence of those facts would have no effect whatsoever on the outcome of the lawsuit and (b) determining whether those facts exist certainly is not necessary to the Court's decision on the instant Motion.

For example, the fact numbered "1" in the Statement of Facts merely states that Defendant Encore Bancshares, Inc. is organized under the laws of Arkansas. (Doc. No. 68 at ¶ 1). And the fact numbered 68 in the Statement of Facts merely states that "Nathan Harris confirmed he 'was proud to invest.'" (*Id.* at ¶ 68). At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how these purportedly material facts (in addition to several other particular facts throughout the Statement of Facts) are even arguably material to the claims pending in the case at bar.

Further, the facts numbered "17" and "18" in the Statement of Facts are not *statements* of *fact* at all, but rather are legal assertions. More specifically the "fact" numbered "17" in the Statement of Facts is merely a quotation from the CFR proffered to advance a legal argument, (Doc. No. 68 at ¶ 17 (asserting that with respect to "preferred-rate loans" in particular, "the Official Staff Commentary of Regulation Z expressly states: '***The disclosures are to be <u>based</u> on the <u>preferred rate</u>***,'" (quoting 12 C.F.R. Pt. 1026, Supp. I, Comment 17(c)-11.iii (emphasis added)))), and the "fact" numbered "18" is itself a legal argument, (*id.* at ¶ 18). Defendant's decision to include such non-factual, legal arguments in its statement of *facts* contravenes both the plain text of 2025 Local Rule 56.01(c) as well as the *express purpose* of a statement of facts. 2025 Local Rule 56.01(c)(3) states that the purpose of a statement of facts is to "identify for the Court those facts the movant contends require judgment as a matter of law." A statement of facts is *not* the

place for *any* legal arguments; legal arguments are explicitly reserved for the "supporting memorandum" that must accompany a motion for summary judgment. 2025 LR 56.01(c)(3).

All of this leads the Court to conclude, consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, that the Statement of Facts—because each statement of facts includes facts that are plainly not *material* and/or not facts at all—is not in fact *concise* as required by 2025 Local Rule 56.01(c) and are thus in violation of 2025 Local Rule 56.01(c). This violation of 2025 Local Rule 56.01(c) alone provides the Court with a basis to deny the Motion. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local Rules); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

Yet, even if the Court were to conclude that the Statement of Facts was concise as required by 2025 Local Rule 56.01(c)—i.e., if the Court accepted that each of the facts included in the Statement of Facts was in fact material—this would not save the Motion. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), make clear that a movant for summary judgment (in this case, Defendant) must remove every genuine issue of material fact. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial. Here, Defendant contends that there are *74* material facts. So, under Defendant's own theory, Defendant must show *that there is no genuine dispute as to any* of these 74 purportedly material facts in order to be entitled to summary judgment. If even *one* of these 74,

material facts is in genuine dispute, then it would follow (under Defendant's own theory) that Defendant is *not* entitled to summary judgment (at least, not entitled to summary judgment as to all claims). By the Court's count, Plaintiffs dispute, in whole or in part, roughly thirty (30) of the facts in the Statement of Facts. (Doc. No. 71). Given not just the plethora of (purportedly) material facts that Defendant has submitted along with its Motion, but also the sheer number of these facts that Plaintiffs contend are in fact *in genuine dispute*, the Court discerns that it is mathematically unlikely that Defendant will be able to show that all of its (purportedly) material facts are *not* in genuine dispute as required for it to obtain summary judgment in full. This provides a further justification for denying Motion.

To the extent that the reader (or Defendant) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny the Motion: the parties in this action were *time and time* again ordered to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary judgment movant's statement of undisputed material facts. Indeed, in the initial case management order (Doc. No. 15), the Magistrate Judge ordered:

> All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), 619 F. Supp. 3d 816 (M. D. Tenn. June 11, 2021) (vacated on other grounds) regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

(*Id.* at 6). Moreover, in its order setting this case for trial (Doc. No. 16), the Court ordered:

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021),

> regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

(*Id.* at 3). So, as Plaintiffs point out in their Response, the parties have twice been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. (Doc. No. 69 at 2 ("The Court Ordered the parties to read *McLemore*")). And yet Defendant nevertheless has failed to follow this Court's guidance in *McLemore*—namely by filing a statement of facts that is not concise as required by 2025 Local Rule 56.01(c) and otherwise including such a plethora of (purportedly) material facts in the Statement of Facts as to make clear to the Court that Defendant is unlikely (mathematically) to succeed in showing that each of these facts is in fact not in genuine dispute, due to both the sheer number of facts that Defendant has included in its Statement of Facts and the sheer number of these facts that Plaintiffs contend are genuinely in dispute.[9] The Defendant's failure both to adhere to *McLemore* (despite this Court's orders) and to heed the demarcation in Local Rule 2025 Local Rule 56.01(c) between factual assertions and legal conclusions, arguments and/or characterizations, provides further support for this Court's decision to deny the Motion.

## II.  The Court's Discretion to Deny the Motions

Beyond the reasons elucidated above for denying the Motion, even assuming that (1) Defendant's Statement of Fact was concise so as to be in compliance with 2025 Local Rule 56.01(c), (2) Defendant had demonstrated that all of the (purportedly) material facts in its

---

[9] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Defendant could go 74 for 74—or that Plaintiffs could go 0 for 74—on Defendant's factual assertions. But as a matter of mathematical probability, it seems implausible.

Statement of Facts were not in genuine dispute, and (3) Defendant had otherwise met its burden as summary judgment movant, the Court still would have the discretion to do what it has explicitly decided to do here: deny the Motion and manage the case by deciding to deal with all contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary to dispose of the Motion. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.*, No. 2:06-CV-00275, 2009 WL 10679648, at *1– 2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . . " (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.,* 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 662 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)). As a district court in this circuit once explained:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). And with respect to the instant Motion, given some of the motion-specific observations made

above, the Court discerns that resolving the instant Motion (with the attention it deserves) on the merits might well require more judicial resources than for this case to go to trial.[10] And, of course, if the Motion were to be decided and *denied* (in whole or even in part), then the resources spent on the Motion's resolution could be entirely in addition, rather than alternative, to the resources spent on a trial.[11]

Moreover, as shown by the cases just reviewed above, the Court is well within its discretion to deny the Motion on these grounds. *See also Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case will benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019) ("[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

---

[10] The Court says this based on the modest number and the interrelated nature of Plaintiffs' four claims. This does not appear to be a case that would require much judicial elbow grease in performing the judge's out-of-court trial work, such as crafting jury instructions. Further, the Court knows from experience what kinds and (perhaps surprisingly very large) amounts of resources it needs to and does devote to a summary judgment motion that shakes out like this one does.

[11] This reality takes away some of the force of a legitimate argument against the approach that the Court is taking here: that *if* the motion for summary judgment *were* to be granted in full, that would save (potential) jurors time and effort that they will have to expend deciding the case after the denial of the motion for summary judgment (assuming, that is, that the case does not settle before trial).

The Court notes that the parties' effort expended in briefing the Motion ultimately should prove not to have gone to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties (and Defendant in particular).[12]

The Court will conclude by briefly addressing Plaintiffs' pending motion to seal (Doc. No. 73 "Plaintiffs' Motion to Seal") and Defendant's pending motion to seal (Doc. No. 75, "Defendant's Motion to Seal") (hereinafter, the Court refers to "Plaintiffs' Motion to Seal" and "Defendant's Motion to Seal" collectively as the "Motions to Seal"). Via Plaintiffs' Motion to Seal, Plaintiffs seek to file under seal certain documents (Doc. No. 74, "Plaintiffs' Sealed Documents") that were filed by Plaintiffs in response to the Motion. Via Defendant's Motion to Seal, Defendant seeks to file under seal certain documents (Doc. Nos. 77, 79, 81, "Defendant's Sealed Documents") (hereinafter, the Court refers to "Plaintiffs' Sealed Documents" and "Defendant's Sealed Documents" collectively as the "Sealed Documents") that were filed by Defendant in further support of the Motion.

Herein the Court denied the Motion without any regard to the Sealed Documents. In the interests of judicial economy, which would be ill-served by expending the (significant and very precious) judicial resources that would be required to address the substantive merit of the Motions to Seal, the Court resolves the Motions to Seal as reflected in the following paragraph.

The Court notes that there is no reason to believe that the public has a substantial interest in the Sealed Documents. Notably, and as discussed above, the Court has not taken any substantive

---

[12] One final observation is worth stating. One might protest that the length of, and depth of discussion in, the instant Memorandum Opinion and Order is inconsistent with the Court's asserted need to preserve judicial resources. To that, the Court would respond that for multiple reasons, preparation of the instant Memorandum Opinion and Order actually involved substantially less of a time investment than the content of the Memorandum Opinion and Order might indicate.

action in reliance on the Sealed Documents. Instead, the Court was able to deny the Motion without any regard to the Sealed Documents. Therefore, the Court finds that there is no reason to believe that the public has *any* interest (and certainly not a substantial interest) in the Sealed Documents, because the underlying motion (i.e., the Motion for summary judgment) that the Sealed Documents were filed in response to/in support of was decided without any regard to the Sealed Documents. Therefore, the Court finds that the documents that parties ask the Court to seal (i.e., the documents filed under seal at Docket Nos. 74, 77, 79, 81) can and shall instead be stricken from the docket, which in turn renders the Motions to Seal moot.

CONCLUSION

Accordingly, for the reasons discussed herein, Motion (Doc. No. 66) is **DENIED**. The Clerk of Court is directed to **STRIKE** Docket Nos. 74, 77, 79, and 81, which in turn renders the Motions to Seal (Doc. Nos. 73, 75) moot and **DENIED** accordingly.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE